IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO H. LOPEZ, ) | |
| ) | No. C 04-02107 JW (PR) |
| Plaintiff, ) | |
| ) | ORDER OF DISMISSAL |
| vs. ) | |
| ) | |
| M.D. LOUIS M. MESSINA, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner currently incarcerated at the California Medical Facility ("CMF"), filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging he was provided with constitutionally inadequate medical treatment. Because plaintiff failed to set forth sufficient facts to state a cognizable claim against the named defendants, this Court dismissed the complaint with leave to amend. Plaintiff was granted leave to proceed in forma pauperis on January 11, 2005. On February 7, 2007, plaintiff filed an amended complaint which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

///

Order of Dismissal
N:\Pro - Se\7.9.2007\04-02107 Lopez02107_dismissal.wpd

# DISCUSSION

A. Review Under 28 U.S.C. § 1915A

   1. Standard of Review

   Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Federal courts must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 if the court, at any time, determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

   2. Plaintiff's Claims

   Plaintiff alleges that after the completion and rehabilitation of a surgical procedure that was performed by defendant Dr. Louis M. Messina, the chief of the division of vascular surgery at the University of California, San Francisco ("UCSF"), there has been no significant improvement of his overall state of health. (Am. Compl. 4.) Plaintiff alleges that Dr. Joseph Bick, the referring physician at CMF, and Dr. Ray Andreasen, the Chief Medical Officer at CMF, failed to arrange follow-up procedures with Dr. Messina as he requested. Plaintiff alleges that Dr. Andreason instead referred the matter to plaintiff's primary physician. Based on these allegations, plaintiff claims that all the defendants are liable for medical

1 malpractice, negligence, deliberate indifference, and intentional state law tort
2 violation.

3 Deliberate indifference to serious medical needs violates the Eighth
4 Amendment's proscription against cruel and unusual punishment. See Estelle v.
5 Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference"
6 involves an examination of two elements: the seriousness of the prisoner's medical
7 need and the nature of the defendant's response to that need. See McGuckin v.
8 Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

9 A "serious" medical need exists if the failure to treat a prisoner's condition
10 could result in further significant injury or the "unnecessary and wanton infliction of
11 pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a
12 reasonable doctor or patient would find important and worthy of comment or
13 treatment; the presence of a medical condition that significantly affects an
14 individual's daily activities; or the existence of chronic and substantial pain are
15 examples of indications that a prisoner has a "serious" need for medical treatment.
16 Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir.
17 1990)).

18 A prison official is deliberately indifferent if he knows that a prisoner faces a
19 substantial risk of serious harm and disregards that risk by failing to take reasonable
20 steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official
21 must not only "be aware of facts from which the inference could be drawn that a
22 substantial risk of serious harm exists," but he "must also draw the inference." Id.
23 If a prison official should have been aware of the risk, but was not, then the official
24 has not violated the Eighth Amendment, no matter how severe the risk. Gibson v.
25 County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate
26 indifference to be established, therefore, there must be a purposeful act or failure to

United States District Court
For the Northern District of California

act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's claims of medical malpractice and negligence are DISMISSED for it is well established that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Plaintiff's fourth claim of intentional state law tort violation is DISMISSED because a claim based solely on state tort law is not cognizable under § 1983. See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03 (1989).

Plaintiff's third claim of deliberate indifference is without merit. Plaintiff admits that he received complete surgical procedures and rehabilitation, and thereafter he continued to see other doctors on several occasions at CMF, (Am. Compl. 6). His medical needs after the surgery have neither gone untreated or been ignored. Even though he claims that the treatment he received from these other doctors fell below the normal standards of care, these alleged deficiencies amount to nothing more than claims of negligence which are not sufficient to make out a violation of the Eighth Amendment. See Toguchi, 391 F.3d at 1060-61. In regards to his unanswered requests to see Dr. Messina, there is no constitutional right to receive treatment from a specific doctor, especially where other competent doctors are available to provide treatment. The Court is particularly unpersuaded here where plaintiff is alleging medical malpractice and negligence against the same doctor from whom he seeks follow-up treatment. Accordingly, this claim is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

///

**CONCLUSION**

For the foregoing reasons, this complaint is DISMISSED for failure to state a claim upon which relief may be granted.

DATED:  July 9, 2007

JAMES WARE
United States District Judge